J-S86033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY ALONZO AYANDELE | |
| Appellant | No. 750 WDA 2016 |

Appeal from the PCRA Order April 7, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009454-2001;
CP-02-CR-0010008-2001

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED NOVEMBER 22, 2016**

Appellant, Anthony Alonzo Ayandele, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which dismissed his *pro se* second petition for collateral relief (labeled a petition for writ of *habeas corpus ad subjiciendum*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On February 20, 2003, the court convicted Appellant of third-degree murder and firearms not to be carried without a license. The court sentenced Appellant on May 14, 2003, to an aggregate term of 20-40 years' imprisonment. This Court affirmed the judgment of sentence on February 20, 2004, and our Supreme Court denied allowance of appeal on October 6, 2004. *See Commonwealth v. Ayandele*, 849 A.2d 601 (Pa.Super. 2004), *appeal denied*, 580 Pa. 693, 860 A.2d 121 (2004).

_____

*Former Justice specially assigned to the Superior Court.

Appellant timely filed a *pro se* PCRA petition on September 14, 2005. The court appointed counsel, who filed a **Turner**/**Finley**[1] no-merit letter and motion to withdraw on August 15, 2007. The court granted counsel's motion and issued Pa.R.Crim.P. 907 notice on October 10, 2007. The court denied PCRA relief on November 30, 2007, and this Court affirmed on February 20, 2009. **See Commonwealth v. Ayandele**, 970 A.2d 463 (Pa.Super. 2009). On August 13, 2015, Appellant filed in civil court the current *pro se* petition for writ of *habeas corpus ad subjiciendum*, which was transferred to criminal court on September 2, 2015. The court treated the filing as a PCRA petition and appointed counsel. Counsel filed a request to withdraw and **Turner**/**Finley** no-merit letter on March 1, 2016. The court issued Rule 907 notice on March 3, 2016; Appellant responded *pro se* on March 16, 2016. On March 31, 2016, counsel filed a supplemental no-merit letter. The court dismissed the petition on April 7, 2016, and granted counsel's request to withdraw. Appellant timely filed a *pro se* notice of appeal on April 25, 2016. On May 5, 2016, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant timely complied.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). As well, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2). Instantly, Appellant claims he had insufficient notice of the charges against him where the Commonwealth charged him with murder generally, and the court lacked statutory authority to impose a sentence of imprisonment for his crimes. These claims are cognizable under the PCRA. **See generally Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009) (explaining collateral attack on underlying murder conviction falls within ambit of PCRA); **Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008)

(holding collateral attack on legality of sentence must be raised in PCRA petition; challenges to legality of sentence must first satisfy PCRA time limits or one of statutory exceptions). Thus, the court properly treated Appellant's most recent prayer for collateral relief as a PCRA petition. **See Peterkin, supra**. Here, Appellant's judgment of sentence became final on January 4, 2005, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current *pro se* petition for collateral relief on August 13, 2015, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not acknowledge the untimeliness of his petition or assert any timeliness exception. **See** 42 Pa.C.S.A. § 9545(b)(1). Thus, the court properly dismissed Appellant's petition as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016